# United States District Court
## Southern District of Indiana

### Laura A. Briggs,
#### Clerk of the Court

105 U.S. Courthouse
46 East Ohio Street
Indianapolis, Indiana
46204

101 Northwest MLK Boulevard
Evansville, Indiana
47708

210 Federal Building
Terre Haute, Indiana
47808

121 West Spring Street
New Albany, Indiana
47150

March 6, 2008

U.S. District Court
Office of the Clerk
219 South Dearborn Street
Chicago, IL 60604

# FILED

## MAR 1 4 2008

### MICHAEL W. DOBBINS
### CLERK, U.S. DISTRICT COURT

RE:    USA V. DION BAUGH
CAUSE: IP 03-59-CR-01-B/F
YOUR CAUSE: 08CR-0158

Dear Clerk:

Pursuant to 18:3605, the jurisdiction of the above named
probationer is being transferred to your district.

Enclosed please find certified copies of the docket sheet,
Indictment/Information, Judgment, and Transfer of Jurisdiction
form.

Please acknowledge receipt on the copy of this letter.

Laura A. Briggs, Clerk

Deputy Clerk

cc: USPO
    USA
    USM
    FINANCE

PROB 22
(Rev. 2/88)

FILED
DISTRICT COURT
INDIANAPOLIS DIVISION

08 FEB 11  AM 10:48

DOCKETED
FEB 27 2008

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

**TRANSFER OF JURISDICTION**

| DOCKET NUMBER (Transferring Court) |
|---|
| 1:03CR-59-01 |

| DOCKET NUMBER (Receiving Court) |
|---|
| MAGISTRATE JUDGE COLE |
| 08CR 0158 |

| NAME & ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Dion Baugh | SD/IN JUDGE HIBBLER | Indianapolis |

FILED
J:N
1    FEB 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | NAME OF SENTENCING JUDGE |
|---|---|
| | The Honorable Sarah Evans Barker |

| DATES OF PROBATION/SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 6/1/08 | 5/31/11 |

**OFFENSE**

Conspiracy to Make False Statements in Connection with Acquiring Firearms, Aiding and Abetting the Acquisition of a Firearm by False Statement, Felon in Possession of a Firearm.

## PART 1 - ORDER TRANSFERRING JURISDICTION

*United States District Court for the Southern District of Indiana*

*IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the* Northern *District of* Illinois *upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.\**

2/13/08
*Date*

*Sarah Evans Barker*
*United States District Judge*

ENTERED
FEB 14 2008
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

*\*This sentence may be deleted in the discretion of the transferring Court.*

## PART 2 - ORDER ACCEPTING JURISDICTION

*United States District Court for the* Northern *District of* Illinois

*IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.*

FEB 20 2008
*Date*

*James F. Holderman*
*United States District Judge*

| OFFENSE | DIST | OFF | CUST | W | J | A | FILEDATE | NO.DEFS | MAG CASE NO | COUNTY | JUDGE | MAG. |
|---------|------|-----|------|---|---|---|----------|---------|-------------|--------|-------|------|
| Felony | 0756 | 1 | CUST | N | N | Y | 04 09 03 | 3 | | 18097 | 5607 | 56BA |

Defendant: BAUGH, DION L
SS#: 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               DOB: 03/04/69

Address: 6622 TOWNSEND WAY
          INDIANAPOLIS     IN   46268

Aliases: DANETA MASSEY

---

### I. CHARGES

1)    18:371.F                            OFF-LEVEL: 4
      CONSPIRACY TO MAKE FALSE STATEMENTS IN CONNECTION WITH ACQUIRING
      FIREARMS
      COUNTS: 1
      DISPOSITION: Convicted; final plea of guilty
      Prison (mos):     060    Prison code:    C001    Sup. rel: 036
      Probation (mos): 000    Probation code:       Fine:       0

2)    18:922A.F                         OFF-LEVEL: 4
      MAKING FALSE STATEMENTS IN CONNECTION WITH ACQUIRING FIREARMS AND
      AIDING AND ABETTING
      COUNTS: 3
      DISPOSITION: Convicted; final plea of guilty
      Prison (mos):     063    Prison code:    C001    Sup. rel: 036
      Probation (mos): 000    Probation code:       Fine:       0

3)    18:922G.F                         OFF-LEVEL: 4
      POSSESSING AND RECEIVING FIREARMS AS A CONVICTED PERSON
      COUNTS: 43
      DISPOSITION: Convicted; final plea of guilty
      Prison (mos):     063    Prison code:    C001    Sup. rel: 036
      Probation (mos): 000    Probation code:       Fine:       0

4)    18:922K.F                         OFF-LEVEL: 4
      POSSESSING FIREARMS WITH OBLITERATED SERIAL NUMBERS
      COUNTS: 50
      DISPOSITION: Dismissed with prejudice (catch-all choice...)
      Prison (mos):     000    Prison code:         Sup. rel: 000
      Probation (mos): 000    Probation code:       Fine:       0

5)    21:841A=CD.F                     OFF-LEVEL: 4
      CONTROLLED SUBSTANCE -  DISTRIBUTE
      COUNTS: 51
      DISPOSITION: Convicted; final plea of guilty
      Prison (mos):     063    Prison code:    C001    Sup. rel: 036
      Probation (mos): 000    Probation code:       Fine:       0

6)    18:922A.F                         OFF-LEVEL: 4
      IMPORTING/MANUFACTURING FIREARMS
      COUNTS: 4, 5, 7, 8, 11, 12

---

```
        DISPOSITION: Dismissed with prejudice (catch-all choice...)
        Prison (mos):     000   Prison code:        Sup. rel: 000
        Probation (mos): 000    Probation code:     Fine:        0

  7)    18:922G.F                          OFF-LEVEL: 4
        UNLAWFUL TRANSPORT OF FIREARMS, ETC.
        COUNTS: 42, 44-49
        DISPOSITION: Dismissed with prejudice (catch-all choice...)
        Prison (mos):     000   Prison code:        Sup. rel: 000
        Probation (mos): 000    Probation code:     Fine:        0
```

## II. KEY DATES

```
Key Date 1 :                    Earliest of:
Key Date 2 :     04/09/03       Applicable :
Key Date 3a:     04/10/03       Applicable :   1st appr.\pending charge/R40
Key Date 3b:                    Applicable :
Key Date 4 :     09/03/03       Applicable :   Pled Guilty

Closed Date:     01/21/04
```

## ATTORNEYS

```
U. S. Attorney or Asst.

 NANCY K OLIVER

Defense at filing:  (1)  CJA

 ROBERT J HILL
 GILROY, KAMMEN & HILL
 ONE INDIANA SQUARE, SUITE 150
 INDIANAPOLIS     IN  46204
 (317)236-0400  Fax:(317)236-0404
```

UNITED STATES DISTRICT COURT DOCKET                Date Printed: 03/06/08

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 04/09/03 | 1 | INDICTMENT FILED  eod 04/09/03 [MAC] |
| 04/09/03 | 2 | CRIM INFO SHEET  eod 04/09/03 [MAC] |
| 04/09/03 | 3 | PRAECIPE for Warrant eod 04/09/03 [MAC] |
| 04/09/03 | 4 | WARRANT ISSUED  eod 04/09/03 [MAC] |
| 04/09/03 | 5 | NGPL ORDER ASSIGNS JURY TRIAL to 06/16/03 at 09:30AM Room 216 (SEB) c/m  eod 04/09/03 [MAC] |
| 04/10/03 | 6 | COURTROOM MINUTES of a hearing held before Magistrate Foster eod 04/11/03 [CBU] |
| 04/10/03 | = | DEFT APPEARS IN PERSON AND w/FCD Bill Dazey eod 04/11/03 [CBU] |
| 04/10/03 | = | INITIAL APPEARANCE ON INDICTMENT/INFORMATION  eod 04/11/03 [CBU] |
| 04/10/03 | = | APPEARANCE FOR THE USA BY AUSA Nancy Oliver and Jerry Massie eod 04/11/03 [CBU] |
| 04/10/03 | = | USPO Represented by Tasha Taylor eod 04/11/03 [CBU] |
| 04/10/03 | = | CHARGES & RIGHTS and penalties were read and explained. Formal arraignment was conducted. Deft entered a plea of not guilty. eod 04/11/03 [CBU] |
| 04/10/03 | = | Govt orally moved for temp detention and same granted. eod 04/11/03 [CBU] |
| 04/10/03 | = | COURTROOM MINUTES ASSIGNS HEARING to 04/15/03 at 03:00PM Room 238 (TAB) c/m (detention) eod 04/11/03 [CBU] |
| 04/10/03 | = | DEFT REMANDED TO CUSTODY of the USMS pending further proceedings before the Court eod 04/11/03 [CBU] |
| 04/10/03 | = | INDICTMENT UNSEALED at this time eod 04/11/03 [CBU] |
| 04/11/03 | 7 | USM RETURN - Warrant received on 4/9/03 and executed on 4/10/03 eod 04/11/03 [MAC] |
| 04/10/03 | 8 | APPEARANCE - CJA Bob Hill on behalf of the deft eod 04/14/03 [CBU] |
| 04/15/03 | 9 | COURTROOM MINUTES of a hearing held before U S Mag Judge Baker eod 04/17/03 [SWM] |
| 04/15/03 | = | DEFT APPEARS IN PERSON AND with appt. counsel Bob Hill for a detention hearing on an indictment eod 04/17/03 [SWM] |
| 04/15/03 | = | APPEARANCE FOR THE USA BY AUSA Jerry Massie and Nancy Oliver eod 04/17/03 [SWM] |
| 04/15/03 | = | USPO Represented by Thomas Parker eod 04/17/03 [SWM] |
| 04/15/03 | = | Deft. orally moved for a continuance. Same denied. Detention hearing held. Deft detained eod 04/17/03 [SWM] |
| 04/15/03 | = | DEFT REMANDED TO CUSTODY of the U S Marshals eod 04/17/03 [SWM] |
| 04/21/03 | 10 | ENTRY of proceedings; and eod 04/22/03 [SWM] |
| 04/21/03 | = | ORDER OF DETENTION cm TAB eod 04/22/03 [SWM] |
| 06/03/03 | 11 | MOTION TO CONTINUE Jury Trial set for 6/16/03 c/s - DEFT Johnson eod 06/03/03 [MAC] |
| 06/04/03 | 12 | ORDER GRANTS deft Johnson's Motion to Continue Jury Trial.  cm SEB eod 06/05/03 [MAC] |
| 06/04/03 | = | ORDER VACATES JURY TRIAL of 06/16/03 at 09:30AM Room 216 (SEB) c/m  eod 06/05/03 [MAC] |
| 06/04/03 | = | ORDER REASSIGNS JURY TRIAL to 07/21/03 at 09:30AM Room 216 (SEB) c/m  eod 06/05/03 [MAC] |
| 06/17/03 | 13 | SEALED -Motion to allow temp custody of detainee c/s USA eod 06/18/03 [CBU] |
| 06/18/03 | 14 | SEALED -Order grants the motion for temp custody cm KPF eod 06/18/03 [CBU] |
| 07/02/03 | 15 | SEALED -Motion to allow temp custody of detainee c/s USA eod 07/03/03 [CBU] |
| 07/02/03 | 16 | SEALED -Order grants motion for temp custody cm WTL eod 07/03/03 |

UNITED STATES DISTRICT COURT DOCKET                          Date Printed: 03/06/08

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| | | [CBU] |
| 07/08/03 | 17 | SEALED -Motion to allow temp custody of detainee c/s USA eod 07/08/03 [CBU] |
| 07/08/03 | 18 | SEALED -Order grants motion for temp custody cm VSS eod 07/09/03 [CBU] |
| 07/10/03 | 19 | MOTION TO CONTINUE Jury Trial set for 7/21/03 c/s - PLTF USA eod 07/10/03 [MAC] |
| 07/14/03 | 20 | ORDER GRANTS pltf's Motion to Continue Jury Trial.  cm SEB eod 07/14/03 [MAC] |
| 07/14/03 | = | ORDER VACATES JURY TRIAL of 07/21/03 at 09:30AM Room 216 (SEB) c/m  eod 07/14/03 [MAC] |
| 07/14/03 | = | ORDER REASSIGNS JURY TRIAL to 09/08/03 at 09:30AM Room 216 (SEB) c/m  eod 07/14/03 [MAC] |
| 08/29/03 | 21 | ORDER GRANTS deft Johnson's Motion to Continue Jury Trial.  cm SEB eod 09/02/03 [MAC] |
| 08/29/03 | = | ORDER VACATES JURY TRIAL of 09/08/03 at 09:30AM Room 216 (SEB) c/m  eod 09/02/03 [MAC] |
| 08/29/03 | = | ORDER REASSIGNS JURY TRIAL to 09/29/03 at 09:30AM Room 216 (SEB) c/m  eod 09/02/03 [MAC] |
| 09/02/03 | 22 | ENTRY VACATES JURY TRIAL of 09/29/03 at 09:30AM Room 216 (SEB) c/m  eod 09/02/03 [MAC] |
| 09/02/03 | = | ENTRY ASSIGNS GLTY PLEA HRG to 09/03/03 at 10:00AM Room 216 (SEB) c/m  eod 09/02/03 [MAC] |
| 09/02/03 | 23 | SEALED DOCUMENT - Petition to Enter a Plea of Guilty cc: USPO - DEFT Baugh eod 09/02/03 [MAC] |
| 09/02/03 | 24 | SEALED - Plea Agreement cc: USPO - JOINT Parties eod 09/02/03 [MAC] |
| 09/03/03 | 25 | COURTROOM MINUTES - Guilty Plea Hearing SEB eod 09/03/03 [MAC] |
| 09/03/03 | = | APPEARANCE FOR THE USA BY AUSA N. Oliver and J. Massie eod 09/03/03 [MAC] |
| 09/03/03 | = | DEFT APPEARS IN PERSON AND and CJA Counsel R. Hill eod 09/03/03 [MAC] |
| 09/03/03 | = | USPO Represented by D. Bell eod 09/03/03 [MAC] |
| 09/03/03 | = | COURT REPORTER P. Cline eod 09/03/03 [MAC] |
| 09/03/03 | = | COURT FINDS factual basis for plea and plea voluntarily made. eod 09/03/03 [MAC] |
| 09/03/03 | = | COURT ACCEPTS plea agreement and ADJUDGES deft GUILTY as charged.   eod 09/03/03 [MAC] |
| 12/09/03 | 26 | ENTRY ASSIGNS SENTENCING DATE to 01/14/04 at 10:00AM Room 216 (SEB) c/m  eod 12/09/03 [MAC] |
| 12/09/03 | 27 | ENTRY (Amended) ASSIGNS SENTENCING DATE to 1/14/04 at 02:00PM Room 216 (SEB) c/m eod 12/12/03 [MAC] |
| 01/06/04 | 28 | MOTION TO CONTINUE Sentencing Hearing 1/15/04 c/s - DEFT Baugh eod 01/06/04 [MAC] |
| 01/06/04 | 29 | ORDER GRANTS deft's Motion to Continue Sentencing Hearing.  cm SEB eod 01/07/04 [MAC] |
| 01/06/04 | = | ORDER VACATES SENTENCING DATE of 01/14/04 at 10:00AM Room 216 (SEB) c/m  eod 01/07/04 [MAC] |
| 01/06/04 | = | ORDER REASSIGNS SENTENCING DATE to 01/15/04 at 02:00PM Room 216 (SEB) c/m  eod 01/07/04 [MAC] |
| 01/09/04 | 30 | SEALED - Statement regarding deft's Substantial Assistance to Authorities c/s - PLTF USA eod 01/12/04 [MAC] |
| 01/09/04 | 31 | MOTION for Additional Offense Level Decrease c/s - PLTF USA eod 01/12/04 [MAC] |

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 01/15/04 | 32 | COURTROOM MINUTES - Sentencing Hearing; eod 01/16/04 [MAC] |
| 01/15/04 | = | APPEARANCE FOR THE USA BY AUSA N. Oliver and J. Massie eod 01/16/04 [MAC] |
| 01/15/04 | = | DEFT APPEARS IN PERSON AND with CJA Counsel R. Hill eod 01/16/04 [MAC] |
| 01/15/04 | = | USPO Represented by D. Bell eod 01/16/04 [MAC] |
| 01/15/04 | = | COURT REPORTER P. Cline eod 01/16/04 [MAC] |
| 01/15/04 | = | SENTENCING HELD  eod 01/16/04 [MAC] |
| 01/15/04 | 33 | MOTION TO DISMISS Counts 4, 5, 7, 8, 11, 12, and 44-50 of the Indictment c/s - PLTF USA eod 01/20/04 [MAC] |
| 01/16/04 | 34 | ORDER GRANTS USA's Motion to Dismiss Counts 4, 5, 7, 8, 11, 12 and 44-50 of the Indictment without prejudice.  cm SEB eod 01/20/04 [MAC] |
| 01/20/04 | 35 | JUDGMENT ENTERED - Deft Pled Guilty to: Counts 1, 3, 43 and 51. IMPRISONMENT: 63 months, Count 1 - 60 months, Counts 3, 43 and 51 - 63 months, all concurrent. RECOMMENDATION: Designation as near to Chicago, IL as possible. SUPERVISED RELEASE: 3 years. Standard & Special conditions of Supervision - See Judgment. ASSESSMENT: $400.00. SCHEDULE OF PAYMENTS: S.A. Fee due immediately. COUNT(S) DISMISSED: 4, 5, 7, 8, 11, 12 and 42-50. Deft remanded to the custody of the U.S. Marshal.  cm SEB OBV 38 PG 13 eod 01/21/04 [MAC] |
| 02/24/04 | 36 | CJA VOUCHER # approved for payment to B. Hill eod 04/06/04 [MAC] |
| 02/11/08 | 37 | USPO Petition requesting Transfer of Jurisdiction to the USDC ND/IL - USPO eod 02/11/08 [MAC] |
| 02/13/08 | 38 | ENTRY APPROVES USPO Request to Transfer Jurisdiction to the USDC ND/IL.  (SEB) cc: USPO ND/IL eod 02/14/08 [MAC] |
| 03/06/08 | 39 | TRANSFER OF JURISDICTION OF PROBATION (OUT) to the USDC ND/IL Cause No. 08-CR-158.  Records sent. eod 03/06/08 [MAC] |

UNITED STATES DISTRICT COURT DOCKET                    Date Printed: 03/06/08

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| DION L. BAUGH | ) | |
| A/K/A DANETA MASSEY, | ) | Cause No. IP 03-*059* -CR-01   *B/F* |
| CECELIA D. LAND, and | ) | -02 |
| JUAN C. JOHNSON | ) | -03 |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

<u>COUNT 1</u>

(Conspiracy to make false statements in connection with acquiring firearms)

Beginning at a time unknown to the Grand Jury but at least on or about July 12,

2000, and continuing to at least on or about October 16, 2000, both dates being approxi-

mate and inclusive, in Indianapolis within the Southern District of Indiana and elsewhere,

the defendants, DION L. BAUGH a/k/a DANETA MASSEY, CECELIA D. LAND and

JUAN C. JOHNSON, did unlawfully and knowingly combine, conspire, confederate and

1

agree with each other and others both known and unknown to the Grand Jury, to commit the following offenses against the United States, to wit:

To knowingly, in connection with the acquisition of firearms from licensed dealers, make a false and fictitious written statement to the licensed dealers, which statement was intended and likely to deceive the licensed dealers as to a fact material to the lawfulness of such sale of the said firearms under chapter 44 of Title 18, in that defendant Land and another unindicted co-conspirator represented that they were the actual buyers of the firearms, when in fact, the firearms were purchased for DION L. BAUGH a/k/a DANETA MASSEY AND JUAN C. JOHNSON , in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

To knowingly possess firearms which have had the importer's or manufacturer's serial numbers removed, obliterated, and altered, said firearms having, at any time, been shipped and transported in interstate or foreign commerce, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

The purpose of the conspiracy to commit the foregoing offense was to purchase firearms without revealing the identity of the true purchasers, defendants, DION L. BAUGH a/k/a DANETA MASSEY and JUAN C. JOHNSON, and to prevent, through the removal, obliteration, and alteration of the serial numbers, any of the firearms purchased in the sham transactions (or "straw purchases") from being traced back to the

2

individuals purchasing the firearms on behalf of defendants BAUGH a/k/a MASSEY and JOHNSON.

## METHOD AND MEANS OF THE CONSPIRACY

As part of the conspiracy, between July 21, 2000 and October 16, 2000, defendant CECELIA D. LAND purchased thirty-three firearms from licensed firearms dealers on ten different occasions at the behest and behalf of defendant JOHNSON and with money provided to her by him. On each of those occasions, she falsely certified on the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473 that she was the actual buyer of the firearms when in fact she delivered them to JUAN C. JOHNSON, a convicted felon. JOHNSON, in turn, delivered the firearms to DION L. BAUGH a/k/a DANETA MASSEY, another convicted felon.

In addition as part of the conspiracy, between August 22, 2000 and September 14, 2000, an unindicted co-conspirator purchased twenty-one firearms on seven different occasions at the behest and behalf of defendant BAUGH a/k/a MASSEY and with money provided to the unindicted co-conspirator by BAUGH a/k/a MASSEY. On each of those occasions, the unindicted co-conspirator falsely certified on the Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473 that the unindicted co-conspirator was the actual buyer of the firearms when in fact the co-conspirator delivered them to defendant BAUGH a/k/a MASSEY, a convicted felon. Defendant BAUGH a/k/a

3

MASSEY paid the unindicted co-conspirator a sum of money for each firearm purchased on his behalf.

Also as part of the conspiracy, defendant, DION L. BAUGH a/k/a DANETA MASSEY, purchased tools from a local hardware store, which were used to remove, obliterate, and alter the importer's or manufacturer's serial numbers on several firearms.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, the defendants, DION L. BAUGH a/k/a DANETA MASSEY, CECELIA D. LAND and JUAN C. JOHNSON, together with other persons known and unknown to the Grand Jury, performed and caused to be performed certain overt acts in the Southern District of Indiana and elsewhere, including, but not limited to the following:

1. The defendant, JUAN C. JOHNSON, asked the defendant, CECELIA D. LAND, to purchase firearms on his behalf and provided her with money for those purchases on at least eight different occasions on the days set forth in Counts 2, 6, 9, 10, and 13 through 18 set forth below and incorporated by reference herein.

2. Sometime before August 22, 2000, the defendant, DION L. BAUGH a/k/a DANETA MASSEY, sought out an individual with a firearms permit to make firearms purchases on his behalf.

3. The defendant, DION L. BAUGH a/k/a DANETA MASSEY, and an unindicted co-conspirator unlawfully purchased twenty-one firearms in seven different

4

transactions as set forth below in Counts 3 through 5, 7, 8, 11 and 12 and incorporated by reference herein.

4. The defendants, DION L. BAUGH, CECELIA D. LAND, and JUAN C. JOHNSON, agreed that the serial numbers on the illegally purchased firearms would be removed, obliterated, and altered in order to frustrate efforts to trace the firearms back to the purchasers.

5. The defendant, DION L. BAUGH a/k/a DANETA MASSEY, and an unindicted co-conspirator, during the period on or about August 22, 2000 through September 14, 2000, both dates being approximate and inclusive, went to a local hardware store and purchased tools to use to remove, obliterate, and alter the importer's or manufacturer's serial numbers on several firearms.

6. The defendant, DION L. BAUGH a/k/a DANETA MASSEY, during the period on or about August 22, 2000 through September 14, 2000, both dates being approximate and inclusive, removed, obliterated, and altered the importer's or manufacturer's serial numbers on several firearms.

All of which is in violation of Title 18, United States Code, Section 371.

### COUNT 2

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about July 21, 2000, in the Southern District of Indiana, the defendants,

5

CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the acquisition of

four firearms, specifically:

> a Bryco Jennings,  9 millimeter semiautomatic pistol, serial number
>
> 1400652;
>
> a Hi-Point, 9 millimeter semiautomatic pistol,  serial number P064919;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 109917; and
>
>  a Hi-Point, 9 millimeter semiautomatic pistol, serial number 326986;

from JOSEPH'S JEWELRY AND LOAN COMPANY, INC., a federally licensed

firearms dealer located in Indianapolis, Indiana, did knowingly make a false and fictitious

written statement to JOSEPH'S JEWELRY AND LOAN COMPANY, INC., which

statement was intended and likely to deceive JOSEPH'S JEWELRY AND LOAN

COMPANY, INC., as to a fact material to the lawfulness of the sale of the firearms, and

did aid and abet in the commission of these acts, in that CECELIA D. LAND stated on a

Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that

she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the

defendants then knew, CECELIA D. LAND was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6),

924(a)(2), and 2.

## COUNT 3

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about August 22, 2000, in the Southern District of Indiana, the defendant,

DION L. BAUGH a/k/a DANETA MASSEY and an unindicted co-conspirator, in

connection with the acquisition of four firearms, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068596;

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209245;

> a Haskel Hi-Point 45 caliber semiautomatic pistol, serial number 326985;
> and

> a Iberia Hi-Point 40 caliber semiautomatic pistol, serial number 109736;

from JOSEPH'S JEWELRY AND LOAN COMPANY, INC., a federally licensed

firearms dealer located in Indianapolis, Indiana, did knowingly make a false and fictitious

written statement to JOSEPH'S JEWELRY AND LOAN COMPANY, INC., which

statement was intended and likely to deceive JOSEPH'S JEWELRY AND LOAN

COMPANY, INC., as to a fact material to the lawfulness of the sale of the firearms, and

did aid and abet in the commission of these acts, in that the unindicted co-conspirator

stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form

4473, that she was the actual buyer of the firearms indicated on the Form 4473, when in

fact as the defendant then knew, the unindicted co-conspirator was not the actual buyer of

the firearms.

7

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 4

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about August 23, 2000, in the Southern District of Indiana, the defendant, DION L. BAUGH a/k/a DANETA MASSEY and an unindicted co-conspirator, in connection with the acquisition of two firearms, specifically:

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068595; and

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068594;

from JOSEPH'S JEWELRY AND LOAN COMPANY, INC., a federally licensed firearms dealer located in Indianapolis, Indiana, did knowingly make a false and fictitious written statement to JOSEPH'S JEWELRY AND LOAN COMPANY, INC., which statement was intended and likely to deceive JOSEPH'S JEWELRY AND LOAN COMPANY, INC., as to a fact material to the lawfulness of the sale of the firearms, and did aid and abet in the commission of these acts, in that the unindicted co-conspirator stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant then knew, the unindicted co-conspirator was not the actual buyer of the firearms.

8

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 5

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about August 24, 2000, in the Southern District of Indiana, the defendant, DION L. BAUGH a/k/a DANETA MASSEY and an unindicted co-conspirator, in connection with the acquisition of three firearms, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 501821;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 501822; and
>
> an IMI Magnum Research Desert Eagle, 44 caliber semiautomatic pistol, serial number 95257886;

from DON'S GUNS & GALLERIES, INC., a federally licensed firearms dealer located in Indianapolis, Indiana, did knowingly make a false and fictitious written statement to DON'S GUNS & GALLERIES, INC., which statement was intended and likely to deceive DON'S GUNS & GALLERIES, INC., as to a fact material to the lawfulness of the sale of the firearms, and did aid and abet in the commission of these acts, in that the unindicted co-conspirator stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant then knew, the unindicted co-conspirator was not the actual buyer of the firearms.

9

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 6

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about August 28, 2000, in the Southern District of Indiana, the defendants, CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the acquisition of five firearms, specifically:

> a Taurus, 9 millimeter semiautomatic pistol, serial number TQF85184;
>
> a Hi-Point, 45 caliber semiautomatic pistol, serial number 327722;
>
> a Rossi, 357 magnum revolver, serial number AD007405;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P064951; and
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209247;

from JOSEPH'S JEWELRY AND LOAN, a federally licensed firearms dealer located in Indianapolis, Indiana, did knowingly make a false and fictitious written statement to JOSEPH'S JEWELRY AND LOAN COMPANY, INC., which statement was intended and likely to deceive JOSEPH'S JEWELRY AND LOAN COMPANY, INC., as to a fact material to the lawfulness of the sale of the firearms, and did aid and abet in the commission of these acts, in that CECELIA D. LAND stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual

10

buyer of the firearms indicated on the Form 4473, when in fact as the defendants then

knew, CECELIA D. LAND was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6),

924(a)(2), and 2.

COUNT 7

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about August 31, 2000, in the Southern District of Indiana, the defendant,

DION L. BAUGH a/k/a DANETA MASSEY  and an unindicted co-conspirator, in

connection with the acquisition of five firearms, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P064952;

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209600;

> a Rossi, 357 magnum brevolver, serial number F414538;

> a Smith and Wesson, 357 revolver, serial number AFP4656; and

> a Bryco, 9 millimeter semiautomatic pistol, serial number 1401739;

from JOSEPH'S JEWELRY AND LOAN, a federally licensed firearms dealer located in

Indianapolis, Indiana, did knowingly make a false and fictitious written statement to

JOSEPH'S JEWELRY AND LOAN COMPANY, INC., which statement was intended

and likely to deceive JOSEPH'S JEWELRY AND LOAN COMPANY, INC., as to a fact

material to the lawfulness of the sale of the firearms, and did aid and abet in the

commission of these acts, in that the unindicted co-conspirator stated on a Department of

11

the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant then knew, the unindicted co-conspirator was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

### COUNT 8

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about September 1, 2000, in the Southern District of Indiana, the defendant, DION L. BAUGH a/k/a DANETA MASSEY, and an unindicted co-conspirator, in connection with the acquisition of one firearm:

a Desert Eagle, 44 caliber semiautomatic pistol, serial number 95255820;

from DON'S GUNS & GALLERIES, INC., a federally licensed firearms dealer located in Indianapolis, Indiana, did knowingly make a false and fictitious written statement to DON'S GUNS & GALLERIES, INC., which statement was intended and likely to deceive DON'S GUNS & GALLERIES, INC., as to a fact material to the lawfulness of the sale of the firearm, and did aid and abet in the commission of this act, in that the unindicted co-conspirator stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the firearm indicated on the Form 4473, when in fact as the defendant then knew, the unindicted co-conspirator was not the actual buyer of the firearm.

12

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 9

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about September 8, 2000, in the Southern District of Indiana, the defendants, CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the acquisition of two firearms, specifically:

a Magnum Research Desert Eagle, 50 caliber semiautomatic pistol, serial number 30200687; and

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P208722;

from POP GUNS FIREARMS TRADING POST a federally licensed firearms dealer located on East 10th Street in Indianapolis, Indiana, (hereinafter POP GUNS EAST) did knowingly make a false and fictitious written statement to POP GUNS EAST which statement was intended and likely to deceive POP GUNS EAST, as to a fact material to the lawfulness of the sale of the firearms, and did aid and abet in the commission of these acts, in that CECELIA D. LAND stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendants then knew, CECELIA D. LAND was not the actual buyer of the firearms.

13

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 10

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about September 8, 2000, in the Southern District of Indiana, the defendants, CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the acquisition of one firearm, specifically:

a Taurus, revolver, serial number RG670084;

from WESTSIDE LOAN COMPANY, a federally licensed firearms dealer located in Indianapolis, Indiana, did knowingly make a false and fictitious written statement to WESTSIDE LOAN COMPANY, which statement was intended and likely to deceive WESTSIDE LOAN COMPANY, as to a fact material to the lawfulness of the sale of the firearm, and did aid and abet in the commission of this act, in that CECELIA D. LAND stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the firearm indicated on the Form 4473, when in fact as the defendants then knew, CECELIA D. LAND was not the actual buyer of the firearm.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

14

## COUNT 11

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about September 10, 2000, in the Southern District of Indiana, the

defendant, DION L. BAUGH a/k/a DANETA MASSEY, and an unindicted co-

conspirator, in connection with the acquisition of two firearms, specifically:

a Taurus, 9 millimeter semiautomatic pistol, serial number TTE16682; and

a Taurus, 9 millimeter semiautomatic pistol, serial number TTE16683;

from DON'S GUNS & GALLERIES, INC., a federally licensed firearms dealer located

in Indianapolis, Indiana, did knowingly make a false and fictitious written statement to

DON'S GUNS & GALLERIES, INC., which statement was intended and likely to

deceive DON'S GUNS & GALLERIES, INC., as to a fact material to the lawfulness of

the sale of the firearms, and did aid and abet in the commission of these acts, in that the

unindicted co-conspirator stated on a Department of the Treasury, Bureau of Alcohol,

Tobacco and Firearms Form 4473, that she was the actual buyer of the firearms indicated

on the Form 4473, when in fact as the defendant then knew, the unindicted co-conspirator

was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6),

924(a)(2), and 2.

15

<u>COUNT 12</u>

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about September 14, 2000, in the Southern District of Indiana, the

defendant, DION L. BAUGH a/k/a DANETA MASSEY, and an unindicted co-

conspirator, in connection with the acquisition of four firearms, specifically:

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207613;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P066477;

a Strum Ruger, 45 caliber, serial number 660-83538: and

a Taurus, 22 caliber revolver, serial number TA786834;

from POP GUNS FIREARMS TRADING POST a federally licensed firearms dealer

located on Georgetown Road  in Indianapolis, Indiana, (hereinafter POP GUNS WEST)

did knowingly make a false and fictitious written statement to POP GUNS WEST which

statement was intended and likely to deceive POP GUNS WEST, as to a fact material to

the lawfulness of the sale of the firearms, and did aid and abet in the commission of these

acts, in that the unindicted co-conspirator stated on a Department of the Treasury, Bureau

of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the

firearms indicated on the Form 4473, when in fact as the defendants then knew, the

unindicted co-conspirator was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6),

924(a)(2), and 2.

16

COUNT 13

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about September 21, 2000, in the Southern District of Indiana, the

defendants, CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the

acquisition of five firearms, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209080;

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068670;

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068671;

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209295; and

> a Hi-Point, 9 millimeter semiautomatic pistol serial number P209088;

from POP GUNS EAST, a federally licensed firearms dealer located in Indianapolis,

Indiana, did knowingly make a false and fictitious written statement to POP GUNS EAST

which statement was intended and likely to deceive POP GUNS EAST, as to a fact

material to the lawfulness of the sale of the firearms, and did aid and abet in the

commission of these acts, in that CECELIA D. LAND stated on a Department of the

Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual

buyer of the firearms indicated on the Form 4473, when in fact as the defendants then

knew, CECELIA D. LAND was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6),

924(a)(2), and 2.

17

## COUNT 14

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about September 25, 2000, in the Southern District of Indiana, the defendants, CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the acquisition of two firearms, specifically:

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P065683; and

a Magnum Research Desert Eagle, magnum pistol, serial number 65211-S;

from POP GUNS WEST, a federally licensed firearms dealer located in Indianapolis, Indiana did knowingly make a false and fictitious written statement to POP GUNS WEST which statement was intended and likely to deceive POP GUNS WEST, as to a fact material to the lawfulness of the sale of the firearms, and did aid and abet in the commission of these acts, in that CECELIA D. LAND stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendants then knew, CECELIA D. LAND was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

18

<u>COUNT 15</u>

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about September 25, 2000, in the Southern District of Indiana, the defendants, CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the acquisition of two firearms, specifically:

a Hi-Point, 9 millimeter semiautomatic pistol, serial number 501801; and

a Lorcin, 9 millimeter semiautomatic pistol, serial number L044010;

from DON'S GUNS & GALLERIES, INC., a federally licensed firearms dealer located in Indianapolis, Indiana did knowingly make a false and fictitious written statement to DON'S GUNS & GALLERIES, INC., which statement was intended and likely to deceive DON'S GUNS & GALLERIES, INC., as to a fact material to the lawfulness of the sale of the firearms, and did aid and abet in the commission of these acts, in that CECELIA D. LAND stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendants then knew, CECELIA D. LAND was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

19

## COUNT 16

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about October 12, 2000, in the Southern District of Indiana, the defendants, CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the acquisition of five firearms, specifically:

> Ruger, 45 caliber semiautomatic pistol, serial number 66210659;
>
> a Taurus, 45 caliber semiautomatic pistol, serial number NRI54800;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207616;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209264; and
>
> a Taurus, 45 caliber semiautomatic pistol, serial number NTA71885;

from POP GUNS WEST, a federally licensed firearms dealer located in Indianapolis, Indiana did knowingly make a false and fictitious written statement to POP GUNS WEST which statement was intended and likely to deceive POP GUNS WEST, as to a fact material to the lawfulness of the sale of the firearms, and did aid and abet in the commission of these acts, in that CECELIA D. LAND stated on a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendants then knew, CECELIA D. LAND was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

COUNT 17

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about October 13, 2000, in the Southern District of Indiana, the defendants,

CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the acquisition of

two firearms, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207680; and

> a Rossi, 357 magnum revolver, serial number F122961;

from JOSEPH'S JEWELRY AND LOAN, a federally licensed firearms dealer located in

Indianapolis, Indiana, did knowingly make a false and fictitious written statement to

JOSEPH'S JEWELRY AND LOAN COMPANY, INC., which statement was intended

and likely to deceive JOSEPH'S JEWELRY AND LOAN COMPANY, INC., as to a fact

material to the lawfulness of the sale of the firearms, and did aid and abet in the

commission of these acts, in that CECELIA D. LAND stated on a Department of the

Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual

buyer of the firearms indicated on the Form 4473, when in fact as the defendants then

knew, CECELIA D. LAND was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6),

924(a)(2), and 2.

21

<u>COUNT 18</u>

(Making false statements in connection with acquiring firearms and aiding and abetting)

On or about October 16, 2000, in the Southern District of Indiana, the defendants,

CECELIA D. LAND AND JUAN C. JOHNSON, in connection with the acquisition of

five firearms, specifically:

> a Taurus, 9 millimeter semiautomatic pistol, serial number TTC84009;

> a Taurus, 40 caliber semiautomatic pistol, serial number STF24176;

> a Taurus, 40 caliber semiautomatic pistol, serial number STD05724;

> a Ruger, 40 caliber semiautomatic pistol, serial number 34095612; and

> a Taurus, 40 caliber semiautomatic pistol, serial number SSG88594;

from POP GUNS EAST, a federally licensed firearms dealer located in Indianapolis,

Indiana, did knowingly make a false and fictitious written statement to POP GUNS EAST

which statement was intended and likely to deceive POP GUNS EAST, as to a fact

material to the lawfulness of the sale of the firearms, and did aid and abet in the

commission of these acts, in that CECELIA D. LAND stated on a Department of the

Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, that she was the actual

buyer of the firearms indicated on the Form 4473, when in fact as the defendants then

knew, CECELIA D. LAND was not the actual buyer of the firearms.

All of which is a violation of Title 18, United States Code, Sections 922(a)(6),

924(a)(2), and 2.

22

COUNT 19

(Disposing of firearms to a convicted person)

On or about July 21, 2000, in the Southern District of Indiana, the defendant, the

defendant, CECELIA D. LAND, knowingly disposed of four firearms, specifically:

> a Bryco Jennings,  9 millimeter semiautomatic pistol, serial number
>
> 1400652;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P064919;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 109917; and
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 326986;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON had been convicted of a crime punishable by imprisonment for a term

exceeding one year.

All of which is a violation of Title 18, United States Code, Sections 922(d)(1) and

924(a)(2).

COUNT 20

(Disposing of firearms to a convicted person)

On or about August 28, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of five firearms, specifically:

> a Taurus, 9 millimeter semiautomatic pistol, serial number TQF85184;
>
> a Hi-Point, 45 caliber semiautomatic pistol, serial number 327722;

23

a Rossi, 357 magnum revolver, serial number AD007405;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P064951; and

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209247;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON had been convicted of a crime punishable by imprisonment for a term

exceeding one year.

All of which is a violation of Title 18, United States Code, Sections 922(d)(1) and

924(a)(2).

## COUNT 21

(Disposing of firearms to a convicted person)

On or about September 8, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of three firearms, specifically:

a Magnum Research Desert Eagle, 50 caliber semiautomatic pistol, serial

number 30200687;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P208722; and

a Taurus, revolver, serial number RG670084;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON had been convicted of a crime punishable by imprisonment for a term

exceeding one year.

All of which is a violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

COUNT 22

(Disposing of firearms to a convicted person)

On or about September 21, 2000, in the Southern District of Indiana, the defendant, CECELIA D. LAND, knowingly disposed of five firearms, specifically:

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209080;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068670;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068671;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209295; and

a Hi-Point, 9 millimeter semiautomatic pistol serial number P209088;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C. JOHNSON had been convicted of a crime punishable by imprisonment for a term exceeding one year.

All of which is a violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

COUNT 23

(Disposing of firearms to a convicted person)

On or about September 25, 2000, in the Southern District of Indiana, the defendant, CECELIA D. LAND, knowingly disposed of four firearms, specifically:

25

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P065683;

a Magnum Research Desert Eagle, magnum pistol, serial number 65211-S;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number 501801; and

a Lorcin, 9 millimeter semiautomatic pistol, serial number L044010;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON had been convicted of a crime punishable by imprisonment for a term

exceeding one year.

All of which is a violation of Title 18, United States Code, Sections 922(d)(1) and

924(a)(2).

## COUNT 24

### (Disposing of firearms to a convicted person)

On or about October 12, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of five firearms, specifically:

Ruger, 45 caliber semiautomatic pistol, serial number 66210659;

a Taurus, 45 caliber semiautomatic pistol, serial number NRI54800;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207616;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209264; and

a Taurus, 45 caliber semiautomatic pistol, serial number NTA71885;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON had been convicted of a crime punishable by imprisonment for a term

exceeding one year.

All of which is a violation of Title 18, United States Code, Sections 922(d)(1) and

924(a)(2).

## COUNT 25

(Disposing of firearms to a convicted person)

On or about October 13, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of two firearms, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207680; and

> a Rossi, 357 magnum revolver, serial number F122961;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON had been convicted of a crime punishable by imprisonment for a term

exceeding one year.

All of which is a violation of Title 18, United States Code, Sections 922(d)(1) and

924(a)(2).

## COUNT 26

(Disposing of firearms to a convicted person)

On or about October 16, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of five firearms, specifically:

27

a Taurus, 9 millimeter semiautomatic pistol, serial number TTC84009;

a Taurus, 40 caliber semiautomatic pistol, serial number STF24176;

a Taurus, 40 caliber semiautomatic pistol, serial number STD05724;

a Ruger, 40 caliber semiautomatic pistol, serial number 34095612; and

a Taurus, 40 caliber semiautomatic pistol, serial number SSG88594

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON had been convicted of a crime punishable by imprisonment for a term

exceeding one year.

All of which is a violation of Title 18, United States Code, Sections 922(d)(1) and

924(a)(2).

## COUNT 27

(Disposing of firearms to an unlawful user of a controlled substance)

On or about July 21, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of four firearms, specifically:

a Bryco Jennings,  9 millimeter semiautomatic pistol, serial number
1400652;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P064919;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number 109917; and

a Hi-Point, 9 millimeter semiautomatic pistol, serial number 326986;

28

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON was then an unlawful user of a controlled substance as defined in 21 U.S.C.

Sec. 802.

All of which is a violation of Title 18, United States Code, Sections 922(d)(3) and

924(a)(2).

COUNT 28

(Disposing of firearms to an unlawful user of a controlled substance)

On or about August 28, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of five firearms, specifically:

> a Taurus, 9 millimeter semiautomatic pistol, serial number TQF85184;
>
> a Hi-Point, 45 caliber semiautomatic pistol, serial number 327722;
>
> a Rossi, 357 magnum revolver, serial number AD007405;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P064951; and
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209247;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON was then an unlawful user of a controlled substance as defined in 21 U.S.C.

Sec. 802.

All of which is a violation of Title 18, United States Code, Sections 922(d)(3) and

924(a)(2).

## COUNT 29

(Disposing of firearms to an unlawful user of a controlled substance)

On or about September 8, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of three firearms, specifically:

> a Magnum Research Desert Eagle, 50 caliber semiautomatic pistol, serial
>
> number 30200687;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P208722; and
>
> a Taurus, revolver, serial number RG670084;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON was then an unlawful user of a controlled substance as defined in 21 U.S.C.

Sec. 802.

All of which is a violation of Title 18, United States Code, Sections 922(d)(3) and

924(a)(2).

## COUNT 30

(Disposing of firearms to an unlawful user of a controlled substance)

On or about September 21, 2000, in the Southern District of Indiana, the

defendant, CECELIA D. LAND, knowingly disposed of five firearms, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209080;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068670;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068671;

30

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209295; and

a Hi-Point, 9 millimeter semiautomatic pistol serial number P209088;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON was then an unlawful user of a controlled substance as defined in 21 U.S.C.

Sec. 802.

All of which is a violation of Title 18, United States Code, Sections 922(d)(3) and

924(a)(2).

COUNT 31

(Disposing of firearms to an unlawful user of a controlled substance)

On or about September 25, 2000, in the Southern District of Indiana, the

defendant, CECELIA D. LAND, knowingly disposed of four firearms, specifically:

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P065683;

a Magnum Research Desert Eagle, magnum pistol, serial number 65211-S;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number 501801; and

a Lorcin, 9 millimeter semiautomatic pistol, serial number L044010;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON was then an unlawful user of a controlled substance as defined in 21 U.S.C.

Sec. 802.

All of which is a violation of Title 18, United States Code, Sections 922(d)(3) and

924(a)(2).

31

## COUNT 32

(Disposing of firearms to an unlawful user of a controlled substance)

On or about October 12, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of five firearms, specifically:

Ruger, 45 caliber semiautomatic pistol, serial number 66210659;

a Taurus, 45 caliber semiautomatic pistol, serial number NRI54800;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207616;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209264; and

a Taurus, 45 caliber semiautomatic pistol, serial number NTA71885;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON was then an unlawful user of a controlled substance as defined in 21 U.S.C.

Sec. 802.

All of which is a violation of Title 18, United States Code, Sections 922(d)(3) and

924(a)(2).

## COUNT 33

(Disposing of firearms to an unlawful user of a controlled substance)

On or about October 13, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of two firearms, specifically:

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207680; and

a Rossi, 357 magnum revolver, serial number F122961;

32

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON was then an unlawful user of a controlled substance as defined in 21 U.S.C.

Sec. 802.

All of which is a violation of Title 18, United States Code, Sections 922(d)(3) and

924(a)(2).

COUNT 34

(Disposing of firearms to an unlawful user of a controlled substance)

On or about October 16, 2000, in the Southern District of Indiana, the defendant,

CECELIA D. LAND, knowingly disposed of five firearms, specifically:

> a Taurus, 9 millimeter semiautomatic pistol, serial number TTC84009;

> a Taurus, 40 caliber semiautomatic pistol, serial number STF24176;

> a Taurus, 40 caliber semiautomatic pistol, serial number STD05724;

> a Ruger, 40 caliber semiautomatic pistol, serial number 34095612; and

> a Taurus, 40 caliber semiautomatic pistol, serial number SSG88594;

to JUAN C. JOHNSON knowing and having reasonable cause to believe that JUAN C.

JOHNSON was then an unlawful user of a controlled substance as defined in 21 U.S.C.

Sec. 802.

All of which is a violation of Title 18, United States Code, Sections 922(d)(3) and

924(a)(2).

33

## COUNT 35

(Possessing and receiving firearms as a convicted person)

On or about July 21, 2000, in the Southern District of Indiana, the defendant,

JUAN C. JOHNSON, having been convicted on March 2, 1994, in Docket Number

92CR3683 in the Circuit Court of Cook County, Illinois, of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed firearms, in and

affecting commerce, and received firearms which had been shipped and transported in

interstate or foreign commerce, specifically:

> a Bryco Jennings,  9 millimeter semiautomatic pistol, serial number
> 1400652;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P064919;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 109917; and
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 326986.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and

924(a)(2).

## COUNT 36

(Possessing and receiving firearms as a convicted person)

On or about August 28, 2000, in the Southern District of Indiana, the defendant,

JUAN C. JOHNSON, having been convicted on March 2, 1994, in Docket Number

92CR3683 in the Circuit Court of Cook County, Illinois, of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

a Taurus, 9 millimeter semiautomatic pistol, serial number TQF85184;

a Hi-Point, 45 caliber semiautomatic pistol, serial number 327722;

a Rossi, 357 magnum revolver, serial number AD007405;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P064951; and

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209247.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 37

(Possessing and receiving firearms as a convicted person)

On or about September 8, 2000, in the Southern District of Indiana, the defendant, JUAN C. JOHNSON, having been convicted on March 2, 1994, in Docket Number 92CR3683 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

a Magnum Research Desert Eagle, 50 caliber semiautomatic pistol, serial number 30200687;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P208722; and

a Taurus, revolver, serial number RG670084.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 38

(Possessing and receiving firearms as a convicted person)

On or about September 21, 2000, in the Southern District of Indiana, the defendant,  JUAN C. JOHNSON, having been convicted on March 2, 1994, in Docket Number 92CR3683 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209080;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068670;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068671;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209295; and

a Hi-Point, 9 millimeter semiautomatic pistol serial number P209088.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

36

## COUNT 39

(Possessing and receiving firearms as a convicted person)

On or about September 25, 2000, in the Southern District of Indiana, the defendant, JUAN C. JOHNSON, having been convicted on March 2, 1994, in Docket Number 92CR3683 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P065683;
>
> a Magnum Research Desert Eagle, magnum pistol, serial number 65211-S;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 501801; and
>
> a Lorcin, 9 millimeter semiautomatic pistol, serial number L044010.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 40

(Possessing and receiving firearms as a convicted person)

On or about October 12, 2000, in the Southern District of Indiana, the defendant, JUAN C. JOHNSON, having been convicted on March 2, 1994, in Docket Number 92CR3683 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and

37

affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

> Ruger, 45 caliber semiautomatic pistol, serial number 66210659;
>
> a Taurus, 45 caliber semiautomatic pistol, serial number NRI54800;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207616;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209264; and
>
> a Taurus, 45 caliber semiautomatic pistol, serial number NTA71885.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 41

(Possessing and receiving firearms as a convicted person)

On or about October 13, 2000, in the Southern District of Indiana, the defendant, JUAN C. JOHNSON, having been convicted on March 2, 1994, in Docket Number 92CR3683 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207680; and
>
> a Rossi, 357 magnum revolver, serial number F122961.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 42

(Possessing and receiving firearms as a convicted person)

On or about October 16, 2000, in the Southern District of Indiana, the defendant, JUAN C. JOHNSON, having been convicted on March 2, 1994, in Docket Number 92CR3683 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

> a Taurus, 9 millimeter semiautomatic pistol, serial number TTC84009;
>
> a Taurus, 40 caliber semiautomatic pistol, serial number STF24176;
>
> a Taurus, 40 caliber semiautomatic pistol, serial number STD05724;
>
> a Ruger, 40 caliber semiautomatic pistol, serial number 34095612; and
>
> a Taurus, 40 caliber semiautomatic pistol, serial number SSG88594.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

39

## COUNT 43

(Possessing and receiving firearms as a convicted person)

On or about August 22, 2000, in the Southern District of Indiana, the defendant,

DION L. BAUGH a/k/a DANETA MASSEY, having been convicted on July 24, 1991, in

Docket Number 91CR1243801 in the Circuit Court of Cook County, Illinois, of a crime

punishable by imprisonment for a term exceeding one year, knowingly possessed

firearms, in and affecting commerce, and received firearms which had been shipped and

transported in interstate or foreign commerce, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068596;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209245;
>
> a Haskel Hi-Point 45 caliber semiautomatic pistol, serial number 326985;
> and
>
> a Iberia Hi-Point 40 caliber semiautomatic pistol, serial number 109736.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and

924(a)(2).

## COUNT 44

(Possessing and receiving firearms as a convicted person)

On or about August 23, 2000, in the Southern District of Indiana, the defendant,

DION L. BAUGH a/k/a DANETA MASSEY, having been convicted on July 24, 1991, in

Docket Number 91CR1243801 in the Circuit Court of Cook County, Illinois, of a crime

punishable by imprisonment for a term exceeding one year, knowingly possessed

firearms, in and affecting commerce, and received firearms which had been shipped and

transported in interstate or foreign commerce, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068595; and
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P068594.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and

924(a)(2).

## COUNT 45

(Possessing and receiving firearms as a convicted person)

On or about August 24, 2000, in the Southern District of Indiana, the defendant,

DION L. BAUGH a/k/a DANETA MASSEY, having been convicted on July 24, 1991, in

Docket Number 91CR1243801 in the Circuit Court of Cook County, Illinois, of a crime

punishable by imprisonment for a term exceeding one year, knowingly possessed

firearms, in and affecting commerce, and received firearms which had been shipped and

transported in interstate or foreign commerce, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 501821;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number 501822; and
>
> an IMI Magnum Research Desert Eagle, 44 caliber semiautomatic pistol,
>
> serial number 95257886.

41

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 46

(Possessing and receiving firearms as a convicted person)

On or about August 31, 2000, in the Southern District of Indiana, the defendant, DION L. BAUGH a/k/a DANETA MASSEY, having been convicted on July 24, 1991, in Docket Number 91CR1243801 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P064952;
>
> a Hi-Point, 9 millimeter semiautomatic pistol, serial number P209600;
>
> a Rossi, 357 revolver, serial number F414538;
>
> a Smith and Wesson, 357 revolver, serial number AFP4656; and
>
> a Bryco, 9 millimeter semiautomatic pistol, serial number 1401739.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 47

(Possessing and receiving firearms as a convicted person)

On or about September 1, 2000, in the Southern District of Indiana, the defendant, DION L. BAUGH a/k/a DANETA MASSEY, having been convicted on July 24, 1991, in Docket Number 91CR1243801 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, in and affecting commerce, and received a firearm which had been shipped and transported in interstate or foreign commerce, specifically:

a Desert Eagle, 44 caliber semiautomatic pistol, serial number 95255820.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 48

(Possessing and receiving firearms as a convicted person)

On or about September 10, 2000, in the Southern District of Indiana, the defendant, DION L. BAUGH a/k/a DANETA MASSEY, having been convicted on July 24, 1991, in Docket Number 91CR1243801 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

a Taurus, 9 millimeter semiautomatic pistol, serial number TTE16682; and

43

a Taurus, 9 millimeter semiautomatic pistol, serial number TTE16683.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 49

(Possessing and receiving firearms as a convicted person)

On or about September 14, 2000, in the Southern District of Indiana, the defendant, DION L. BAUGH a/k/a DANETA MASSEY, having been convicted on July 24, 1991, in Docket Number 91CR1243801 in the Circuit Court of Cook County, Illinois, of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, in and affecting commerce, and received firearms which had been shipped and transported in interstate or foreign commerce, specifically:

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P207613;

a Hi-Point, 9 millimeter semiautomatic pistol, serial number P066477;

a Strum Ruger, 45 caliber, serial number 660-83538; and

a Taurus, 22 caliber revolver, serial number TA786834.

All of which is a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

44

## COUNT 50

(Possessing firearms with obliterated serial numbers)

During the period on or about August 22, 2000 through September 14, 2000, both dates being approximate and inclusive, in Indianapolis within the Southern District of Indiana and elsewhere, the defendant, DION L. BAUGH a/k/a DANETA MASSEY, did knowingly possess firearms which had had the importer's or manufacturer's serial numbers removed, obliterated, and altered, said firearms having, at any time, been shipped and transported in interstate or foreign commerce.

All of which is a violation of Title 18, United State Code, Sections 922(k) and 924(a)(1)(B).

## COUNT 51

(Controlled Substance - Distribute)

On or about January 17, 2003, in Indianapolis within the Southern District of Indiana and elsewhere, the defendant DION L. BAUGH a/k/a DANETA MASSEY, knowingly and intentionally possessed with intent to distribute a quantity of less than 50 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance.

All of which is a violation of Title 21, United States Code, Section 841(a)(1) and

841(b)(1)(C).

A TRUE BILL.

PRESIDING GRAND JUROR

MICHAEL CHERTOFF
ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

BY:

NANCY K. OLIVER
TRIAL ATTORNEY

JERRY D. MASSIE
TRIAL ATTORNEY

UNITED STATES DEPARTMENT OF JUSTICE
10th & Constitution Avenue, N.W.
Criminal Division
Patrick Henry Building, Suite 6500
Washington, D.C.  20530
(202) 514-0849

DATED:

46

# United States District Court

## *Southern District of Indiana*

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **Dion L. Baugh** | Case Number:  **1:03CR00059-001** |

Robert J. Hill

Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)  **1, 3, 43, and 51**

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Make False Statements in Connection with Acquiring Firearms | 10/16/2000 | 1 |
| 18 USC 922(a)(6) and 924(a)(2) | Aiding and Abetting the Acquisition of a Firearm by False Statement | 08/22/2000 | 3 |
| 18 USC 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | 08/22/2000 | 43 |
| 21 USC 841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute Heroin | 01/17/2003 | 51 |

The defendant is sentenced as provided in pages 2 through  **5**  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  **4, 5, 7, 8, 11, 12 and 42-50**                  are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

<u>01/15/2004</u>

Date of Imposition of Judgment

**ENTERED**

*Sarah Evans Barker*

Signature of Judicial Officer

JAN 2 1 2004

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

**Honorable Sarah Evans Barker, Judge**

**U.S. District Court**

Name & Title of Judicial Officer

*January 20, 2004*

Date

| | |
|---|---|
| IN | 46204 |

OBV  38 PG  13

*35*

DEFENDANT: **Dion L. Baugh**

CASE NUMBER: **1:03CR00059-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons, to be imprisoned for a total term of __63____ **month(s)** _____

**Count 1 - 60 months; Counts 3, 43, and 51 - 63 months, all concurrent.**

☑ The court makes the following recommendations to the Bureau of Prisons:

**Designation as near to Chicago, IL as possible.**

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT:     Dion L. Baugh
CASE NUMBER:     1:03CR00059-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____3_____ year(s) .
**on each count.**

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☐ If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student. (Check, if applicable.)

☐ If convicted of a domestic violence offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program approved by the Court if an approved program is within a 50 mile radius of the defendant's residence. (Check, if applicable.)

☑ The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page.

See Special Conditions of Supervision Sheet 3.01

# STANDARD CONDITIONS OF SUPERVISION

1.)    *the defendant shall not leave the judicial district without the permission of the court or probation officer;*

2.)    *the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;*

3.)    *the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;*

4.)    *the defendant shall support his or her dependents and meet other family responsibilities;*

5.)    *the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;*

6.)    *the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;*

7.)    *the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;*

8.)    *the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;*

9.)    *the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;*

10.)    *the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;*

11.)    *the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;*

12.)    *the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;*

13.)    *as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.*

DEFENDANT:        Dion L. Baugh
CASE NUMBER:      1:03CR00059-001

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall provide the probation officer access to any requested financial information.

2.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3.  The defendant shall submit to the search of his person, vehicle, office/business, residence and property, including any computer systems and its peripheral devices with the assistance of other law enforcement as necessary.  The defendant shall submit to the seizure of contraband found by the probation officer.  The defendant shall warn other occupants the premises may be subject to searches.

4.  The defendant shall make a good faith effort to obtain a GED or high school diploma within the first two years of supervision.

   Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)   _____        _____
           **Defendant**                           **Date**


           _____        _____
           **U.S. Probation Officer/Designated Witness**    **Date**

DEFENDANT:    **Dion L. Baugh**

CASE NUMBER:    **1:03CR00059-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $  400.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including Community Restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal payees must be paid in full prior to the United States receiving payment.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $ | $ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

The defendant shall pay interest on restitution or any fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived for the  ☐ fine and/or  ☐ restitution

☐ The interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:        **Dion L. Baugh**

CASE NUMBER:      **1:03CR00059-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐  Lump sum payment of $ _____ due immediately, balance due

☐  not later than _____ ; or
☐  in accordance with C, D, or E below; or

B ☑  Payment to begin immediately (may be combined with C, D, or E below); or

C ☐  Payments in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____
over a period of _____ year(s) to commence _____ day(s) after the date of this judgment; or

D ☐  Payments in_____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____
over a period of _____ year(s) to commence _____ day(s) after release from
imprisonment to a term of supervision; or

E ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Defendant Name | Case Number | Joint & Several Amount |
|---|---|---|

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.